FILED WITH THE
COURT ...
CSO: Fogarty    ...ER
DATE:  4-7-2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-1479 (ESH) |
| ) | |
| DOE AGENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiffs Jane Doe and her attorney, Mark S. Zaid, bring this action against the Doe Agency and the United States alleging violations of the First Amendment and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. In their suit, plaintiffs contend that this Court should review classification decisions regarding documents that were found to be classified by the government and were, by agreement, filed under seal pursuant to a court order in a case brought by Ms. Doe in another jurisdiction. This matter is before the Court on defendants' motion to dismiss the complaint. For the reasons set forth below, the Court will grant the motion.

Plaintiff Doe, a U.S. citizen whose spouse is a former employee of the Doe Agency, previously sued the United States in a federal district court in another jurisdiction. The suit was ultimately dismissed based on the government's invocation of the state secrets privilege, and the dismissal was affirmed by the court of appeals. Plaintiff Zaid, who has executed a secrecy/non-disclosure agreement with the Doe Agency, did not represent Ms. Doe in the district court, but did represent her on appeal. In this suit, plaintiffs Jane Doe and her lawyer seek what they believe should be treated as unclassified information that has been filed in the district court, as

**REDACTED**

well as the appellate brief prepared by Mr. Zaid, which plaintiffs claim does not contain any classified information.

It is undisputed that the documents at issue in this case are subject to the protective and sealing orders of a district court and appellate court outside this jurisdiction. The district court's Stipulation and Protective Order ("Protective Order"), which the parties, including plaintiff Doe, agreed to, provides as follows:

> a. Plaintiffs will file all of their pleadings and other documents under seal with the Court through the Court Security Officer. The time of physical submission to the Court Security Officer shall be considered the date and time of filing. The Court Security Officer will arrange for their review by ▮▮▮ classification officials to determine whether they contain any classified information.
>
> b. Any pleading, motion or other document that contains classified information will be marked with the appropriate classification marking and will remain under seal. Any pleading, motion or other document that does not contain classified information immediately shall be unsealed by the Court Security Officer and placed in the public record.
>
> . . . .
>
> e. Plaintiffs' counsel will be permitted access to working copies of classified documents, unredacted, up to the SECRET level, at an appropriate secure area approved by ▮▮▮ Notes and documents prepared by the Plaintiffs' attorneys that contain classified information will remain at the aforementioned secure area, which will be accessible to Plaintiffs' attorneys. At the conclusion of the case, all such notes and documents shall be destroyed. Only properly redacted, unclassified documents will be used as evidence at trial[,] unless said trial is in camera, or publicly filed.

(Protective Order ¶ 6.) Moreover, the Protective Order specifically states that "[t]he procedures set forth in this Protective Order are intended to govern the time period throughout all trial and post-trial (including appellate) matters in this case, and may be modified by the further order of the Court acting under its inherent supervisory authority." (*Id.* ¶ 2.)

Accordingly, pursuant to the Protective Order, Doe Agency officials were authorized to determine whether Ms. Doe's pleadings contained classified information and, if so, those documents were to remain under seal.[1] Not only did plaintiffs agree to be bound by these carefully delineated procedures, but the procedures were incorporated in a court order. The appellate court proceeding is similarly subject to a separate protective order.[2] (*See* Mot. to Dismiss at 4.)

As defendants argue, this Court may well lack jurisdiction to modify the orders of other federal courts,[3] but even if it has such jurisdiction, the Court would, as a matter of comity, refuse

---

[1] Significantly, the Protective Order does not require the Doe Agency to furnish plaintiffs with unclassified versions of court filings for publication. Hence, the prepublication review cases on which plaintiffs rely are inapposite. (*See* Pls.' Opp'n at 29-31.) Plaintiffs do not seek permission to publish a book, article, or other document that contains information to which they gained access while working as government employees. Rather, they seek to acquire court documents that contain government information to which they gained access in a lawsuit by agreeing to certain procedures that were adopted as part of a court order.

[2] Although plaintiffs contend that this Court may act because "neither of the other courts issued a determination as to the classification status of any document" (Opp'n at 11), those courts adopted agreed-upon procedures for classification determinations by issuance of their protective orders. It also bears noting that the other district court clearly found that the government's invocation of the state secrets privilege was appropriate and that the existence of such a privilege required the dismissal of Ms. Doe's lawsuit in that jurisdiction. That ruling was affirmed on appeal. Thus, it is clear that those courts have treated the documents that plaintiffs seek in this Court as containing information that, if disclosed, could adversely affect national security.

[3] In addition to the problems of standing, the Court cannot find, and plaintiffs have not cited, any law that gives them a First Amendment right (as opposed to a right under FOIA) to have a Court review classification decisions of the Executive Branch. On the contrary, the Executive Branch has "authority to classify and control access to information bearing on national security," *Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988), and the Supreme Court has explained that "'[f]or reasons . . . too obvious to call for enlarged discussion,' the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it," *id.* (quoting *CIA v. Sims*, 471 U.S. 159, 170 (1985) (internal citation omitted)). This classification authority has been repeatedly recognized in this Circuit. *See, e.g., Fitzgibbon v. Central Intelligence Agency*, 911 F.2d 755, 762 (D.C. Cir. 1990) ("The Supreme court has unequivocally held that the Director of Central Intelligence may protect all intelligence sources, regardless of their provenance." (citation omitted)).

to modify those orders. While Ms. Doe's case in the other jurisdiction has ended, the life of the sealing and protective orders of the courts in that jurisdiction was intended to extend past those courts' judgments. Therefore, as the Protective Order makes clear and the parties themselves concede, the issuing courts have retained jurisdiction to supervise and modify their orders.

> When a court is confronted with an action that would involve it in a serious interference with or usurpation of this continuing power [of another court to supervise and modify its injunctions], considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction . . . and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (citation and internal quotation marks omitted) (directing district court to dissolve injunction barring defendant from bringing on for hearing a certain motion in a separate action before another district court that had itself already issued an injunction in the matter). In this case, plaintiffs do not dispute their ability to seek the lifting or modification of the district and appellate court sealing and protective orders. Therefore, the appropriate action is for them to seek such relief in the issuing courts rather than to collaterally challenge those courts' orders here. *Cf. Dushkin Publ'g Group, Inc. v. Kinko's Service Corp.*, 136 F.R.D. 334, 335-36 (D.D.C. 1991) (refusing to compel production of pleadings, briefs and discovery documents generated in another district court case where those documents were subject to the protective order of a sister court).

Furthermore, plaintiffs' claim of unreasonable delay is moot, and their request for prospective relief is not ripe. In their first cause of action, plaintiffs' allege that defendants violated the First Amendment and the APA by unreasonably delaying completion of the classification review. (*See* Compl. ¶¶ 13-19.) Thus, plaintiffs contend that this Court "can compel agency action." (*Id.* ¶ 18.) However, plaintiffs' concede that the Doe Agency has completed its classification review of both the district court documents and the appellate brief

sought here. (*See* Zaid Decl. ¶¶ 11, 21.) Accordingly, there is no action to compel and their "claim is moot, as there is no further relief that this Court can provide as to that claim." *Boening v. CIA*, 579 F. Supp. 2d 166, 172 (D.D.C. 2008) (holding that plaintiff's claim that the CIA had violated the APA by failing to adjudicate his prepublication request within 30 days was moot where plaintiff had already received the agency's final decision). Moreover, this case does not involve the exceptional situation in which the claim is "capable of repetition, yet evades review," *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), since the court of appeals has affirmed the dismissal of Ms. Doe's case. Thus, plaintiffs cannot "make a reasonable showing that [they] will again be subjected to the alleged illegality." *Id.*

Likewise, plaintiffs' request for prospective relief is not ripe. In their fourth cause of action, plaintiffs claim that they "will be filing additional documents for prepublication/classification review" to which the Doe Agency "will, based on an established pattern and practice, fail to timely respond," and "will claim certain unclassified information is classified . . . and will furthermore not permit . . . any attempt by plaintiffs to challenge the classification decisions." (Compl. ¶ 37.) Based on this prediction, plaintiffs request that the Court establish a time frame for the completion by the Doe Agency of all future classification reviews. (Compl. Prayer for Relief ¶ 5.) Plaintiffs' speculative claims regarding hypothetical future violations are not ripe. Not only may these contingencies never occur, but whether the Doe Agency has completed a specific classification review in a timely manner or has made the proper classification decisions depends on the facts of the particular case. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted). Moreover, because the alleged violations "can only be

discerned to exist and remedied retrospectively," the relief requested is inappropriate.[4] *Nader v. Democratic Nat'l Comm.*, 555 F. Supp. 2d 137, 152 (D.D.C. 2008).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss will be granted. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 7, 2009

---

[4] Plaintiffs assert in their opposition that their claim is ripe because it may "also be viewed as challenging the underlying policy that would govern the authorization of the conduct that causes the delays" rather than simply as objecting to future violations. (Opp'n at 23.) As defendants correctly point out, however, plaintiffs did not plead this claim. Thus, the Court will not consider it. *See Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)).